## VICKERY *v.* CHAMBERS.

Whether the court erred in admitting evidence or not, that evidence
as to the admissibility of which there was no doubt required a
finding for the plaintiff; and there was no error in the charge com-
plained of.

March 18, 1895. Brought forward from the last term. Code, §4271(a-c).

Action for damages. Before Judge McWHORTER.
Elbert superior court. March term, 1894.

P. P. PROFFITT and A. G. McCURRY, for plaintiff in
error. W. L. HODGES, *contra.*

ATKINSON, Justice.

The plaintiff, Chambers, sued Vickery upon a breach
of warranty made in a horse swap. It appears from
the record, that the defendant traded to plaintiff a cer-
tain horse which was subject to a mortgage executed
by a previous owner in favor of yet another person;
that at the time of the trade defendant warranted the
horse to be free from incumbrances; that afterwards
the mortgage in question was foreclosed and the execu-
tion issued thereunder levied upon the property. To
this levy the plaintiff in this case filed a claim setting
up title in himself derived through the defendant. He
notified the defendant of the execution and levy, required
him to defend his claim to the horse; and in pursuance

of his demand, the defendant signed his bond in the claim case as a surety for the forthcoming of the animal. While the claim was yet pending, the plaintiff, with the consent of defendant Vickery, dismissed the claim; and the mortgage execution proceeding, the plaintiff did not produce the horse at the time and place of sale. Suit was brought upon the forthcoming bond and judgment recovered against the plaintiff, and in order to protect his title to the horse and preserve his property, plaintiff was compelled to lay out and expend the sum of $109.04. For this sum he brought an action against the defendant, alleging that he was injured by a breach of the defendant's warranty to that extent. It appears that in the claim case proceedings the defendant and plaintiff co-operated in the employment of counsel to defend it; the defendant knew of the litigation, made suggestions as to its conduct, assisted in the employment of counsel, and for all practical purposes was as active as though he were an actual party to the litigation. When the claim case came on for trial before the justice, the plaintiff in this case confessed judgment and appealed to a jury; and the case coming on for trial before a jury, the plaintiff withdrew or dismissed the claim, under advice of counsel employed jointly by the plaintiff and defendant. The testimony for the plaintiff was to the effect that Vickery consented to the withdrawal of the claim, but the testimony for the defendant was that he did not so consent. On the day the horse was to be sold under the execution, plaintiff failed to bring the horse to the place of sale. The plaintiff testified that the defendant told him not to bring the horse, and he, defendant, would pay the bond. On this point the testimony for the defendant was, that he told plaintiff to bring the horse to town, and that plaintiff said it was raining too much, and that if it quit raining he would bring it.

The court upon the trial of the case charged the jury that if, after the horse had been levied on in the hands

of the plaintiff under the mortgage *fi. fa.*, the defendant aided the plaintiff in employing counsel to interpose a claim, and pending the prosecution of the claim the defendant consented for the claim to be dismissed without a trial, they were authorized to find for the plaintiff. Exception was taken to this charge, and as well to the rulings of the court upon the admissibility of certain documentary evidence offered on the trial.

We do not think it necessary to consider the objections made to the rulings of the court upon the admissibility of the documentary evidence. We do not think the admission or refusal to admit it would have materially changed the case. Whether or not the mortgage lien was valid and binding in this case as against this plaintiff, under the facts as they are presented to us in the record, we do not think the defendant can be heard to urge its invalidity. The filing of the claim by the plaintiff and his subsequent dismissal thereof, with the consent of the defendant by and through the counsel jointly employed by them, is equivalent to an admission made by the defendant that the mortgage was a valid and subsisting lien upon this property. Had the defendant in no manner participated in this litigation, his position with respect to the present case would have been materially different; but where, by his own act, he induces the plaintiff to dismiss his claim, and thus impliedly to admit the validity of the mortgage execution upon the property received by him, in an action like this—upon a breach of warranty—the defendant will be estopped to deny the validity of the mortgage lien. We think the charge of the court was correct. It left for the consideration of the jury the only facts material to be considered in fixing the liability of the defendant; and the jury having found these facts against him, and the verdict being in harmony with and supported by the evidence, this court will not interfere.

*Judgment affirmed.*